IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM WILLETT,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. C15-4036-LTS<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, William Charles Willett (claimant), seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his application for supplemental security income benefits (SSI), under Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. (Act). Willett contends that the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that he was not disabled during the relevant time period. For the reasons that follow, the court recommends that the Commissioner's decision be affirmed.

## I. BACKGROUND

Willett was born in 1992, and he has a limited education. AR 22. He has no past relevant work experience. AR 22. He applied for SSI on August 23, 2012, alleging a disability onset date of November 23, 2004. AR 141. He alleges disability due to anxiety, depression, attention deficit hyperactivity disorder, oppositional defiant disorder, anti-social problems, allergies, back pain, and headaches. AR 215 et seq.

The Commissioner denied Willett's application initially and upon reconsideration. AR 94, 99. Willett then requested a hearing before an Administrative Law Judge (ALJ).

On October 16, 2013, ALJ James Harty conducted a hearing at which Willett and a vocational expert testified. The ALJ issued a decision denying Willett's claim on January 10, 2014. AR 13-34. The ALJ found that there was work in the national and state economies which Willett could perform such as janitor, dishwasher and hand packer. AR 21-22.

On March 27, 2015, the Appeals Council denied Willett's request for review of the ALJ's decision. AR 1-7. The ALJ's decision stands as the final decision of the Commissioner. AR 1; 20 C.F.R. § 416.1481.

Willett filed a complaint in this Court on May 15, 2015, seeking review of the Commissioner's decision. Doc. 3. This matter has been referred pursuant to 28 U.S.C. § 636(b)(1)(B) for the filing of a report and recommended disposition. The parties have briefed the issues, and the matter is now fully submitted.

## II. DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF

A disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905. An individual has a disability when, due to his physical or mental impairments, he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices, or other factors, the ALJ will still find the claimant not disabled. 20 C.F.R. § 416.966(c)(1)-(8).

To determine whether a claimant has a disability within the meaning of the Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. *Id.* § 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. "Gainful" activity is work done for pay or profit. 20 C.F.R. § 416.972(a)-(b).

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and medical impairments. If the impairments are not severe, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is not severe if "it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a); *see also* 20 C.F.R. §§ 416.920(c), 416.921(a); *Kirby*, 500 F.3d at 707.

The ability to do basic work activities is defined as having "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) capacities for seeing, hearing and speaking; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

Third, if the claimant has a severe impairment, then the Commissioner will determine its medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of his past relevant work. If the claimant cannot do his past relevant work, then he is considered disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). Past relevant work is any work the claimant has done within the past 15 years of his application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. *Id.* § 416.960(b)(1). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *See* 20 C.F.R. § 416.945(a)(1). The RFC is based on all relevant medical and other evidence. *Id.* § 416.945(a)(3). The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Id.* If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled. *Id.* § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC, as determined in Step Four, will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education, and work experience. *Id.* §§ 416.912(f), 416.920(a)(4)(v). The Commissioner must show not only that the claimant's RFC will allow him to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make the adjustment, then the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v). At step five, the Commissioner has the responsibility of developing the claimant's complete medical history before making a determination about the existence of a disability. *Id.* §

416.945(a)(3). The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

If after these five steps, the ALJ has determined the claimant is disabled, but there is medical evidence of substance use disorders, the ALJ must decide if that substance use is a contributing factor material to the determination of disability. 42 U.S.C. §§ 423(d)(2)(C). The ALJ must then evaluate the extent of the claimant's limitations without the substance use. *Id.* If the limitations would not be disabling, then the disorder is a contributing factor material to determining disability and the claimant is not disabled. 20 C.F.R. § 416.935.

### III. THE ALJ'S FINDINGS

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since July 31, 2012, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. The claimant has the following severe impairments: asthma, a history of attention deficit hyperactivity disorder, depression, anxiety, and a history of oppositional defiant disorder (20 C.F.R. 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926)).

4. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, environments with poor ventilation, cold temperature extremes, extreme wetness, and humidity; he can perform simple tasks that are not performed in a fast-paced production environment or as an integral part of a team, involving relatively few work place changes.

5. The claimant has no past relevant work (20 C.F.R. § 416.965).

6. The claimant was born on November 23, 1992, and was 19 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date (20 C.F.R. § 416.963).

7. The claimant has a limited education and is able to communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 31, 2012, the date the application was filed (20 C.F.R. § 416.920(g)).

AR 14-23.

## IV.  *THE SUBSTANTIAL EVIDENCE STANDARD*

This Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V. DISCUSSION

Willett argues the ALJ's decision is flawed because he claims the ALJ's RFC assessment is not supported by substantial evidence on the record as a whole. A claimant's RFC is the most a claimant can do, taking into account his limitations. The ALJ must consider all relevant medical and other evidence in the record to determine a claimant's RFC. 20 C.F.R. § 416.945(a)(1). While the RFC determination draws from medical sources, the RFC is ultimately an administrative decision reserved to the Commissioner. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). Medical records, physician observations, and the claimant's subjective statements about his capabilities may be used to support the ALJ's RFC finding. *Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011). The claimant has the burden of proof to establish his RFC. *Goff*, 421 F.3d at 790.

The ALJ determined, based on the evidence, that plaintiff could perform simple tasks that are not performed in a fast-paced production environment or an integral part of a team, involving relatively few workplace changes. AR 16. A consultative examination performed by Michael P. Baker, Ph.D., on October 8, 2012, supports the ALJ's ruling. Dr. Baker observed that plaintiff came across in a very calm and relaxed manner that was not indicative of anxious interacting. AR 301. Dr. Baker noted that plaintiff's recall and memory seemed adequate. *Id*. Dr. Baker further documented that plaintiff's concentration was fair, and that while his judgment and insight were probably immature, they were not impaired. *Id*. Significantly, Dr. Baker opined that plaintiff possessed the ability to remember and understand instructions and procedures for fairly simple and non-demanding tasks. *Id*. Dr. Baker stated that there would be similar limitations for maintaining adequate attention, concentration, and pace for carrying out instructions. *Id*.

Plaintiff also interacted appropriately throughout the session. AR 301. Dr. Baker opined that plaintiff could interact appropriately with supervisors, co-workers, and the public if the work situation was not too demanding. *Id*. He further stated that there was

8

no additional reason to expect that good judgment and ability to respond appropriately to change in the workplace could not occur if plaintiff's stress level was not too high. *Id*.

On January 2013, Jan Hunter, D.O., issued an expert opinion indicating that Willett's physical impairments were non-severe. AR 20; Ex 4A. The ALJ, however, found limitations more generous to Willett than Dr. Hunter suggested, including additional environmental limitations due to his asthma.

That same month, John Tedesco, Ph.D., reviewed the medical records in this case and opined that Willett is "moderately" limited in his ability to understand, remember, and carry out instructions, but that there is no evidence that he cannot engage in simple tasks. AR 21. Scott Shafer, Ph.D., reviewed the same records as Dr. Tedesco, and reached the same conclusion. *Id*.

The ALJ also evaluated Willett's subjective allegations properly, within the framework established by the Commissioner's regulations and *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). AR 16-17. In determining a claimant's credibility, an ALJ must consider:

(1) the claimant's daily activities;
(2) the duration, intensity, and frequency of pain;
(3) the precipitating and aggravating factors;
(4) the dosage, effectiveness, and side effects of medication; and
(5) any functional restrictions.

*Polaski*, 739 F.2d at 1322; see also 20 C.F.R. § 416.929(c)(3). "Other relevant factors include the claimant's relevant work history, and the absence of objective medical evidence to support the complaints." *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (quoting *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000)).

Although an ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence, the lack of such evidence is a factor the ALJ may consider. *Halverson*, 600 F.3d at 931-32; *Ford v. Astrue*, 518 F.3d

9

979, 982 (8th Cir. 2008). A claimant's credibility is "primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). Thus, the court must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). An ALJ may discount a claimant's subjective complaints if there are inconsistencies in the record as a whole. *Id*. The ALJ need not discuss each *Polaski* factor if the ALJ "acknowledges and considers the factors before discounting a claimant's subjective complaints." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The ALJ, here, found that plaintiff's subjective complaints were "largely unsupported and only partially credible." AR 17. The ALJ noted a lack of medical records that would provide objective corroboration of Willett's complaints. *Id*. He further noted that this lack of treatment is inconsistent with his subjective complaints. *Id*. Indeed, the ALJ noted that Willett did not seek treatment after applying for disability benefits until shortly before the hearing, and then was only interested in an evaluation, not medication or other treatment. *Id*. There is nothing in the record that would explain the lack of treatment, such as being unable to afford it. Willett's lack of seeking treatment was a proper factor for the ALJ to consider in assessing claimant's credibility. *See Lee v. Comm'r Soc. Sec.*, 248 Fed. App'x 458, 461 (3rd Cir. 2007) (finding ALJ could properly take into account a claimant's gap in seeking treatment in assessing the credibility of both a doctor's opinion and the claimant's subjective complaints). Further, the ALJ noted that, "despite numerous complaints" that Willett could not work due to mental health, social, and respiratory problems, Willett told an examiner in 2012 that he was unable to work only because he "get[s] bored doing the same job." *Id*.

There is virtually no evidence that Willett is disabled, other than Willett's own subjective allegations, which the ALJ allowably found to lack credibility. Ultimately,

10

the burden of proof of a disability is upon the plaintiff. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). Plaintiff has failed to meet that burden.

In sum, substantial evidence supports the ALJ's RFC decision,

## *VII. CONCLUSION*

For the reasons set forth herein, and without minimizing the seriousness of Willett's impairments, the court RESPECTFULLY RECOMMENDS that the Commissioner's determination that Willett was not disabled be **affirmed** and that judgment be entered against Willett and in favor of the Commissioner.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 13th day of May, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa